Chas. R. GRAY and Charles A. Gray and Steven C. Gray, minors by their Grandfather and next friend, Chas. R. Gray, Plaintiffs in Error,

v.

BOARD OF EDUCATION OF PAWHUSKA INDEPENDENT SCHOOL DISTRICT, and T. E. Allen, County Superintendent of Schools of Osage County, Oklahoma, Defendants in Error.

No. 40275.

Supreme Court of Oklahoma.

Feb. 4, 1964.

Matthew J. Kane, Pawhuska, for plaintiffs in error.

Shoemake & Briggs, Pawhuska, for defendants in error.

BLACKBIRD, Chief Justice.

This case concerns the right of the minor children appearing here as plaintiffs in error to attend public school in a school district other than the one in which their parents, Mr. and Mrs. Clark Gray, reside. The parents have been legal residents of that part of Osage County, referred to as the Wynona School District, since 1958. For more than two years, the minors have been enumerated, and have attended school, in the Pawhuska School District, in which their grandparents, Mr. and Mrs. Charles Gray, have resided for several years.

About the end of the 1961–1962 school term, a question arose as to the place of the minors' residence for school purposes; and the defendant in error, T. E. Allen, Osage County Superintendent of Schools, was requested to determine the question, under the authority vested in him by Title 70 O.S. 1961 § 1–14. The Superintendent decided that the children's school residence was in the Wynona District; and the Pawhuska School Board thereafter gave notice that they could be admitted to the Pawhuska schools for a new term, only upon a tuition-paying basis, as required of those residing outside said district by Title 70 O.S.1961 § 1–16.

Thereafter, in July, 1962, the minors, through their grandfather as their next friend, instituted the present action in the District Court (hereinafter referred to as the "trial court") against the County Superintendent and the Pawhuska School Board (hereinafter referred to as "defendants") to restrain, and/or enjoin said defendants from denying plaintiffs enrollment in the Pawhuska Schools for the 1962–1963 school term, and to prevent the collection of tuition on account of such enrollment. Plaintiffs' petition alleged, among other things, that the Superintendent, in making his decision as to plaintiffs' residence for school purposes, had wrongfully refused to follow the provisions of section 1–14, supra, and

that plaintiffs had a right to attend the Pawhuska schools without payment of tuition.

The cited statute provides in material part:

"The residence of any child for school purposes shall be the legal residence of the parents, or guardian, or person or institution having the care and custody of the child, if such parents, or guardian, or person or institution having the care and custody, contributes *in major degree* to the support of such child; * * *." (Emphasis ours).

Section 1–16 of said Title provides, among other things, that children who do not reside in a school district and who have not been transferred thereto, may be admitted to its schools on a tuition basis only.

Initially the trial court granted plaintiffs a temporary restraining order, but, after the County Superintendent had filed an answer alleging, among other things, that plaintiffs resided with their parents in the Wynona School District and had never resided with their grandfather (in the Pawhuska School District), and plaintiffs countered with a reply alleging, among other things, that the grandfather "participates" in their care and custody, and a trial was had of the issues, the court sustained a demurrer interposed by defendants to plaintiffs' evidence. From said ruling, which concededly had the effect of revoking the previous temporary order, plaintiffs have perfected the present appeal.

Only a few facts established at the trial are necessary to note in resolving the decisive issue herein, which apparently is conceded to be: The correct meaning of the emphasized words of the above quotation from section 1–14, supra. It was admitted in plaintiffs' opening statement that they "lived" in the home of their parents in the Wynona School District; and it was stipulated that no request, or application, had ever been made for their transfer from said District to the Pawhuska School District. Plaintiffs' father, Clark Gray, testi-

fied, among other things, that the grandfather, Charles Gray, had never had their legal care and custody but that they had resided "month in and month out" in his home in the Wynona School District since the year 1958, though the grandfather's home in Pawhuska had always been "open" to them and they "sometimes" spent the night and got meals there. Clark Gray did not dispute the proof, by cancelled checks introduced in evidence, that the grandfather had expended a total of $1324.80, in defraying medical and hospital services rendered plaintiffs, nor did he dispute the grandfather's testimony that on a certain occasion he had made arrangements for a certain doctor to attend one of the boys, and had furnished plaintiffs several hundred dollars worth of clothing, and had paid out more than $300.00 for their school lunches and spending money, including pay for work they had done for him. But the father did testify that he had always claimed plaintiffs as dependents on his income tax returns; and that it cost him $50 to $60 per month to feed the two older boys.

In plaintiffs' brief, under "ARGUMENT AND AUTHORITIES", they advance, for reversal of the trial court's judgment, the following proposition as "Point I":

. "The County Superintendent considered only that the parents of said children lived in the Wynona School District and claimed a homestead exemption there."

In support of this "Point", plaintiffs quote a portion of the defendant County Superintendent's hereinbefore mentioned order, and determination, in an effort to show that his decision was based upon the fact that Clark Gray's application, for, and homestead exemption described real estate in the Wynona, instead of the Pawhuska, School District. 'They then charge that the County Superintendent "listened to no facts" from which his proper discretion in the matter could be exercised. However, they immediately thereafter take the position that the "actual and undisputed facts" show the

Superintendent's action was illegal. Our decision will therefore be based upon whether or not, on the basis of the facts admitted, and/or established, in the present court proceedings, the trial court erred in his decision.

On the basis of the undisputed pertinent facts, and the proper interpretation of the hereinbefore quoted portion of section 1–14, supra, it is our opinion that no such error was committed. We think that in enacting that statute, the Legislature intended that where the parents of minor children residing in the family home, have their legal care and custody, and contribute to their support in a substantial, or major, degree, the school residence of the children is the same as the residence of the parents. The statute does not require the parents to contribute the major, or larger, part of all moneys that are expended for the benefit of the children. If it did, then wealthy persons, whether relatives or not, might establish school residences for children merely by having them as guests in their homes and lavishing more expensive "care" upon them than their parents would, or could, afford. That would be placing an absurd construction on the law, and one that could conceivably create undesirable and unnecessary difficulties in the administration of our school district system. We cannot agree with the view expressed by counsel in plaintiffs' brief, that their grandfather had "some" of their care and custody, and that, to this extent, their parents' care and custody was not exclusive. The grandfather did not claim to be the plaintiffs' guardian, and, as far as the record shows, their parents' responsibility for, and custody of, them, was, insofar as the law is concerned, exclusive.

As plaintiffs' arguments have failed to demonstrate that the judgment herein appealed from was either contrary to law, insufficiently supported by the evidence, or constituted an abuse of discretion on the part of the trial court, said judgment is hereby affirmed.