The Attorney General is in receipt of your request wherein you ask, in effect, the following questions: 1. If an Oklahoma school district resident sends a child whose fifth birthday will be subsequent to the first day of that school year to another state where that child is legally enrolled under the laws of the other state, and within that same year the child is returned by his parents to the Oklahoma School district wherein the parents reside and where the parents attempt to enroll their child in the schools of the school district, may the school district lawfully refuse to enroll the child? 2. Where a resident of an Oklahoma school district is the legal guardian of a child whose natural parents are a, live and residing outside of that school district seeks to enroll the child who is his ward, must the guardian provide evidence that he or she is providing and contributing in a major degree to the support of the child before the school district may enroll the child? School laws of the State of Oklahoma clearly provide that in order for a child to be "entitled to attend school free of charge" the child must have attained the age of five (5) years on or before September 1 of the school year. 70 O.S. 1-114 [70-1-114] (1979). Prior to amendment in 1979, 70 O.S. 1-114 [70-1-114] established the same requirement except that the child must have attained the age of five (5) years on or before November 1 of the school year. School children having attained the age of five years are eligible for a free public education "in the district in which they reside." Furthermore, the Legislature has provided a definition of residence of school children which "shall be the legal residence of the parents, guardian, person or institution having the care and custody of the child, if such parents, guardian, person or institution having the care and custody contributes in major degree to the support of such child; . . ." 70 O.S. 1-113 [70-1-113] (1971). The Legislature has, however, provided that "under-age pupils who have been in legal attendance in another state may be enrolled and attend an Oklahoma school." 70 O.S. 18-111 [70-18-111] (1971). The above-quoted portion of 70 O.S. 18-111 [70-18-111] cannot be read out of context with the remainder of the section. 70 O.S. 18-111 [70-18-111] concerns itself primarily with which students may be counted for average daily attendance of the school district in order to determine its entitlement to state aid. 70 O.S. 18-111 [70-18-111] commences with the statement "no pupil shall be counted in the average daily attendance of any district, for the purpose set out in this article, unless said pupil is a legal resident of said district or has been transferred thereto; Although your precise question cannot be answered without a complete recital of facts, it appears that there is a substantial question as to whether 70 O.S. 18-111 [70-18-111] has any application to this type of situation. Since Oklahoma law defines a child's residence by reference to his parent's residence, such a child as you have described has at all times been a resident of the State of Oklahoma. As a resident of the State of Oklahoma the child was not eligible for public school education free of charge due to the child's being under age. It should be noted, however, that 70 O.S. 1-114 [70-1-114] specifically provides that a school district may offer accredited kindergarten classes to under age children on a tuition basis. Relative to your second question, the decision of the Oklahoma Supreme Court in Gray v. Board of Education of Pawhuska Independent School District, Okl. 389 P.2d 498
(1964) is determinative. In the Gray case the Supreme Court affirmed a decision of the district court as to the "residence" of children where the evidence demonstrated that the children were in the "exclusive care and custody" of the parents at the legal residence of the parents. In its opinion, the Court said: "We think that enacting that statute, the Legislature intended that where the parents of minor children residing in the family home, have their legal care and custody, and contribute to their support in a substantial, or major degree, the school residence of the children is the same as the residence of the parents. The statute does not require the parents to contribute the major, or larger, part of all monies that are expended for the children." The law relative to the residence of a child for public school purposes makes no distinction between natural parents and a person who is the legally appointed guardian of the child. The test in either instance is the same. It need not be demonstrated factually that the legal guardian contributes a majority of the monies necessary to defray the cost of care for the child. It is sufficient for the purposes of the statute that the legal guardian contribute a substantial or "major" degree. Under Gray, supra, in order to establish that the 70 O.S. 1-113 [70-1-113] standard has been met, the parent or legal guardian need show no more than exclusive care and custody of the child at the residence of the parent or guardian. It is, therefore, the official opinion of the Attorney General that: 1. A child is a resident of an Oklahoma school district by reason of its parent's residence in the Oklahoma school district. Such a child is eligible for free public education in the school district of residence if the child has attained the age of five (5) years on or before September 1, 1980. A child's residence for purposes of the school laws of the State of Oklahoma does not change by reason of the fact that the child may have attended school in another state while still a resident of the State of Oklahoma. 2. Where a minor child resides with a legally appointed guardian at the guardian's residence, and, the guardian has the exclusive care and custody of the child, the child is a resident of the school district wherein the guardian resides for the purposes of 70 O.S. 1-113 [70-1-113] (1971). (JOHN F. PERCIVAL) (ksg)